IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE B. PENILTON,

    Plaintiff,                  No. CIV S-03-1966 GEB KJM P

    vs.

SACRAMENTO COUNTY, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983 with an action arising out of events that occurred while he was housed at Sacramento County Jail. Defendants Sacramento County Sheriff's Department and Sacramento County Deputy District Attorney David Steward have moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

I.   <u>Standards For A Motion To Dismiss</u>

        In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

1

Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

II. The Motion To Dismiss

Defendants argue that either: they are immune from prosecution; the complaint fails to state a claim; the complaint addresses the conduct of the state court, not defendant Steward; or plaintiff has failed to comply with California's Tort Claims Act and so cannot raise any state law claims.

In its order of September 30, 2004, the court screened plaintiff's amended complaint and found most of the claims did not allege cognizable violations of federal law or were barred by absolute immunity. In addition, the court found plaintiff's state law claims were not cognizable. 9/30/04 Order at 2-3. The court found the amended complaint appropriate for service, with these limitations: "Steward, insofar as the complaint alleges he prepared a wiretap application containing false statements and used the illegally obtained fruits of the wiretap; Sacramento County Sheriff's Department, insofar as the complaint alleges it interfered with plaintiff's pro per status and delayed medical treatment." Id. at 4.

Defendants' attacks on the bulk of plaintiff's complaint are unnecessary based on the court's evaluation of the complaint in the screening order; only the portions of the complaint found appropriate for service form the basis of the action before the court.

A. Defendant Steward

Defendant Steward relies on Imbler v. Pachtman, 424 U.S. 409 (1976) and argues that he is absolutely immune for actions undertaken in connection with the prosecution of a crime. He provides no analysis or other authority supporting his claim that his alleged

/////

preparation of a wiretap application containing false statements and his use of the illegally obtained fruits of that wiretap are subject to Imbler immunity.  See Am. Compl. at 34-35.

A prosecutor is entitled to absolute immunity for initiating a prosecution and presenting the state's case, even if that case includes false testimony.  Imbler at 431; Spurlock v. Thompson, 330 F.3d 791, 798 (6th Cir. 2003).

A prosecutor is not entitled to absolute immunity for actions undertaken in an investigatory or administrative capacity, however.  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).  Indeed, the Supreme Court has rejected absolute immunity for a prosecutor's preparation of an affidavit in support of a search warrant.  Kalina v. Fletcher, 522 U.S. 118, 129-31 (1997).  In Broam v. Bogan, 320 F.3d 1023, 1033 (9th Cir. 2003), the Court of Appeal noted that a prosecutor may be entitled to qualified immunity, at most, for participation in illegal wiretapping if such activity is strictly investigative; even then, a Rule 12(b)(6) dismissal is not appropriate.

Defendant's cursory argument is insufficient to satisfy his burden of showing he is entitled to absolute immunity for his alleged use of false statements in the wiretap application and use of the fruits of the wiretap itself.  Milstein v. Cooley, 257 F.3d 1004, 1008, 1011-12 (9th Cir. 2001).

   B.  Defendant Sheriff's Department

    1.  Pro Per Status

Plaintiff alleges that although he was proceeding pro per in the criminal trial, his pro per legal mail was mishandled and often returned to him for no apparent reason, his meetings with witnesses occurred in the general visiting area where they were monitored, he was forced to use monitored telephones and make collect calls to contact witnesses, and his legal mail to attorneys was opened.  Am. Compl. at 29-36.  Defendant Sheriff's Department argues generally that an inmate's telephone calls and visits may be restricted without addressing the impact of an inmate's pro per status on these restrictions.

/////

1  In <u>Milton v. Morris</u>, 767 F.2d 1443, 1446 (9th Cir. 1985), the Ninth Circuit
2  observed:

> An incarcerated defendant may not meaningfully exercise his right
> to represent himself without access to law books, witnesses, or
> other tools to prepare a defense. We are mindful that this right is
> not unlimited. Security considerations . . . may require special
> adjustments.

See also <u>United States v. Sarno</u>, 73 F.3d 1470, 1491-92 (9th Cir. 1995). A motion to dismiss is not the appropriate place for defendant to argue that security considerations justified the restrictions on plaintiff's ability to conduct his defense; interpreting the complaint broadly, as the court must, defendant's motion is not well-taken.

### 2. Medical Care

Plaintiff alleges when he asked to see medical personnel he was told "if your [sic] not dying you can't be seen," and, as a result, there was a substantial delay in treating him for chlamydia and a urinary tract infection. Am. Compl. at 37. Defendants have not addressed this portion of plaintiff's amended complaint in their motion to dismiss.[1]

//////
//////
//////
//////
//////
/////
/////
/////

---

[1] Defendants have adopted plaintiff's original characterization of this claim as a medical malpractice claim, and argue it is barred because plaintiff failed to comply with the California Tort Claims Act. Had plaintiff sued the doctors involved, such a characterization might be apt; however, because he challenges the alleged policy underlying the denial of the medical care, the claim flows from the Eighth Amendment.

1	IT IS HEREBY RECOMMENDED that defendants' January 13, 2005 motion to
2 dismiss be denied.

3	These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within five days after service of the objections.  The parties are advised
9 that failure to file objections within the specified time may waive the right to appeal the District
10 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11 DATED:  August 23, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

26  2 peni1966.57