IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE B. PENILTON, IV,

    Plaintiff,                    No. CIV S-03-1966 GEB KJM P

    vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.                  **FINDINGS & RECOMMENDATIONS**

         Plaintiff is a state prison inmate proceeding pro se with a civil rights action. Plaintiff's motions for summary judgment and for a default on summary judgment are before the court.

I. <u>Procedural History</u>

         On September 30, 2004, the court found plaintiff's amended complaint appropriate for service on defendant Steward, insofar as the complaint alleges he prepared a wiretap application containing false statements and used the illegally obtained fruits of the wiretap, and on defendant Sacramento County Sheriff's Department, insofar as the complaint alleges it interfered with plaintiff's pro se status and delayed medical treatment.

         Defendants filed a motion to dismiss for failure to state a claim under Federal Rule Civil Procedure 12(b)(6). On August 24, 2005, the court filed findings and

1

recommendations recommending that the motion be denied. The district court adopted these findings and recommendations on March 27, 2006.

On September 12, 2005, plaintiff filed a motion for summary judgment and on March 17, 2006, a motion "for summary judgment for defendant default to defend or contest summary judgment." Defendants have opposed both motions and have objected to plaintiff's Supplemental Exhibit A, filed on November 14 and again as part of a filing made on December 22, 2005.

II. <u>Summary Judgment Standards Under Rule 56</u>

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Id.</u> Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See <u>id.</u> at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id.</u> at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

III. Motion Of September 12, 2005 And Defendants' Objections To Exhibits

In support of his summary judgment motion, plaintiff has submitted a copy of his complaint and of this court's August 24, 2005 findings and recommendations, rejecting defendants' motion to dismiss. Plaintiff argues that, on the strength of these two documents, he is entitled to summary judgment even on those claims the court did not find appropriate for service in its original screening order of April 16, 2004.

In his November 14 and December 22, 2005 supplements, plaintiff has submitted a number of exhibits relating to his State Bar complaint against defendant Steward and a letter from his appointed counsel, apparently submitted to the county's insurer. 12/22/05 Supplement (12/22 Supp.), Exs. A-E & G.[1] The same documents are attached as Exhibit A to plaintiff's November 14 supplement. Defendants object to these documents generally as hearsay, as inadmissible in support of any claim of misconduct, and as confidential.

A court may consider only admissible evidence in support of a motion for summary judgment. Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). The letter from Attorney Karol Repkow is hearsay within the meaning of Fed. R. Evid. 801. See 12/22 Supp., Ex. G.[2]

/////

---

[1] Exhibit F consists of copies of Local Rules 56-260 and 16-270.

[2] Defendants suggest that this letter is part of the State Bar investigation file. However, it clearly refers to "the claim . . . filed against Sacramento County."

4

1   The letter from the state bar's Deputy Trial Counsel, attached as exhibit A to plaintiff's 12/22/05 supplement, is labeled "personal and confidential" and informs plaintiff that defendant Steward has been issued a warning letter, but that "it is not discipline and cannot be considered as evidence of professional misconduct by other courts. . . ." On this basis alone, or so it appears, defendants have argued that all of the correspondence relating to the state bar complaint and investigation (12/22 Supp. Exs. A-E) is confidential and cannot be considered. They cite nothing for their broad claim and indeed do not even discuss why plaintiff, who received the correspondence, should be bound by the State Bar's characterization.[3]  Finally, defendants have failed to discuss the impact of any state rule of confidentiality on proceedings in federal court.

Defendants also object to the State Bar-related documents as hearsay, but they have not discussed the application of Federal Rule Evidence 803(8)(C), which provides a hearsay exception for "factual findings resulting from an investigation made pursuant to authority granted by law. . . ." See also Cal. Bus. & Prof. Code §§ 6001 (State Bar is a public corporation) & 6077 (power to discipline members).

Notwithstanding the above, however, the documents are not authenticated, which is a "condition precedent to admissibility." Hal Roach Studios v. Richard Feiner and Company, Inc., 896 F.2d 1542, 1550 (9th Cir. 1989); see Fed. R. Evid. 901(a). Unauthenticated documents cannot be considered in a motion for summary judgment. Hal Roach Studios, 896 F.2d at 1550.

A.  Allegations Against Defendant Steward

Even if this court were to consider the documents, however, they do not provide support for plaintiff's motion for summary judgment. Plaintiff contends that defendant Steward used false statements in a wiretap application and used conversations obtained through the

---

[3] Indeed, defendants appear to have misread Ex. A, which states only that the warning letter issued to defendant Steward is confidential. Ex. A is a notification of the Bar's "disposition," disclosed to plaintiff.

resulting wiretap as evidence against plaintiff. Amended Complaint (Am. Compl.) at 18-19. Specifically, plaintiff alleges that defendant Steward told the court that plaintiff was a gang member and that the victim of the domestic violence charged against plaintiff was afraid of plaintiff. Id.

Plaintiff's letter about the Bar's handling of his complaint, 12/22 Supp. Ex. E, is too conclusory a basis to demonstrate the absence of issues of material fact. See Tovar v. United Postal Service, 3 F.3d 1271, 1282 (9th Cir. 1993) (conclusory affidavit insufficient support for motion for summary judgment). The other letters from the Bar shed no light on false statements, indeed do not even describe the false statements plaintiff alleges Steward made. See 12/22 Supp. Exs. A-C. The only letter specifically addressing the claim contains defendant Steward's denial that he made any misrepresentations to the court. Id., Ex. D. This record does not establish plaintiff's entitlement to judgment.

Plaintiff does rely on his complaint and its attachments in seeking summary judgment. Motion for Summary Judgment (MSJ) at 4. Attachments to his complaint include defendant Steward's second motion for an order authorizing the recording of Naleen Givens' calls from the jail. Am. Compl., Ex C. In that pleading, defendant Steward avers that "the People have reason to believe that during a recent telephone call . . . Givens admitted she was scared of defendant . . . ." Id., Ex. C at 3. A transcript of a call between Givens and her mother is also attached; when Givens' mother asks if she is frightened of plaintiff, Givens replies, "Mom, that's not what I am, okay?" Id., Ex. L at 1. This transcript, however, is not properly authenticated. United States v. Devous, 764 F.2d 1349, 1354-55 (10th Cir. 1985); Logan v. City of Pullman, 392 F.Supp.2d 1246, 1251 (E.D. Wash. 2005); Fed. R. Evid. 901(b)(6). Moreover, it is not clear from the documents whether this is the only call that preceded defendant Steward's application. These documents as presented also do not show that plaintiff is entitled to summary judgment.

/////

     B. Allegations Against Sacramento County Sheriff's Department

         1. Pro Se Status

In his complaint, submitted under penalty of perjury, plaintiff alleges that letters from witnesses were opened outside of his presence, that his "pro per" mail was often returned to him for no reason, that he was forced to use a monitored telephone for calls to witnesses, and that his visits with witnesses were conducted in the booths for social visits, which could be monitored. Am. Compl. at 29-36.

In Milton v. Morris, 767 F.2d 1443, 1446 (9th Cir. 1985), a habeas case, the Ninth Circuit observed:

> An incarcerated defendant may not meaningfully exercise his right to represent himself without access to law books, witnesses, or other tools to prepare a defense. We are mindful that this right is not unlimited. Security considerations . . . may require special adjustments.

See also United States v. Sarno, 73 F.3d 1470, 1491-92 (9th Cir. 1995). In Taylor v. List, 880 F.2d 1040 (9th Cir. 1989), a civil rights action, the Ninth Circuit recognized that a plaintiff's claim of denial of access to a law library and witnesses as a concomitant of his right to represent himself must be evaluated under Sixth Amendment standards as established by Faretta v. California, 422 U.S. 806 (1975).

Plaintiff has attached to his complaint a memorandum from the jail's law librarian. Am. Compl., Ex. W. The memo explains that while witness visits will be held in the social visit booths, they will not be subject to monitoring absent specific facts suggesting security problems. Plaintiff's conclusory affidavit, apparently not based on personal knowledge that any of his visits were in fact monitored, is not a sufficient basis for summary judgment. Similarly, although plaintiff alleges that his calls with witnesses were recorded and that some of his pro per mail was returned to him, he has not shown that the recording or returned mail denied him access to those witnesses so as to establish his right to summary judgment.

//////

2. <u>Medical Care</u>

Plaintiff alleges when he asked to see medical personnel he was told "if your [sic] not dying you can't be seen," and, as a result, there was a substantial delay in treating him for chlamydia and a urinary tract infection, which caused him great pain. Am. Compl. at 36-37.

In <u>Monell v. New York City Dept. Of Social Services</u>, 436 U.S. 658, 694 (1978), the Supreme Court held a municipality was not liable under the civil rights act simply because the agency or municipality employed a person who violated a plaintiff's constitutional rights. The basis for any such claim must be a showing of a governmental policy or custom that was "the moving force" behind the constitutional violation. <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 820 (1985). Accordingly, to prevail, the plaintiff must show he was deprived of a constitutional right, the municipality has a policy, the policy amounts to deliberate indifference to plaintiff's constitutional rights and the policy is the moving force behind the constitutional violation. <u>Oviatt v. Pearce</u>, 954 F.2d 1470, 1474 (9th Cir. 1992). In this case, plaintiff's conclusory description of the jail's alleged policy regarding medical care is too conclusory a basis for summary judgment.

IV. <u>Motion For Summary Judgment On Default Filed March 17, 2006</u>

Plaintiff argues he is entitled to summary judgment based on the defendants' failure to contest his motion for summary judgment. As the person seeking summary judgment, however, plaintiff bears the burden of showing the absence of genuine issues of material fact and doing so by the use of specific allegations and admissible evidence. <u>Adickes v. S.H. Kress</u>, 398 U.S. 144, 160 (1970); <u>Nissan Fire & Marine Ins. Co, Ltd. v. Fritz Companies, Inc.</u>, 210 F.3d 1099, 1105 (9th Cir. 2000). His failure to satisfy his initial burden means that the burden never shifted to defendants to rebut his showing.

IT IS HEREBY RECOMMENDED that plaintiff's September 12, 2005 and March 17, 2006 motions for summary judgment be denied.

/////

1    These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  DATED:  June 20, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

16  2:peni1966.57