IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE B. PENILTON, IV,

      Plaintiff,                    No. CIV S-03-1966 GEB KJM P

      vs.

SACRAMENTO COUNTY, et al.,

      Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

          Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  On September 14, 2007, this court granted defendants' motion to vacate the previously set trial date because counsel for the defendants was not available on that date and because of the pendency of motions for summary judgment.

          On October 3, 2007, plaintiff filed a motion for permission to appeal this order.  Although the basis of the motion is not entirely clear, it appears that plaintiff seeks to reinstate the trial date so he can demonstrate that fabricated documents lie at the base of this action.  Defendants have opposed the motion.

/////

/////

/////

1     Title 28 U.S.C. § 1292(b) provides in part:

2     When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

6     The order vacating the trial date does not involve a "controlling question of law."

7     Plaintiff's motion was five pages long, but it was supported by ninety-eight pages of exhibits, many of which have been presented as exhibits to other pleadings filed during the course of this litigation. "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." <u>Martin v. District of Columbia Court of Appeals</u>, 506 U.S. 1, 3 (1992) (internal citation & quotation omitted). Plaintiff's redundant filings only slow the pace of this litigation. Plaintiff is cautioned that if he continues to file multiple copies of exhibits and other materials which are already on the court's docket, he may be subject to sanctions, including limits on the length of any future documents.

17 /////
18 /////
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

1   IT IS HEREBY RECOMMENDED that plaintiff's request for permission to
2 appeal the order of September 14, 2007 to the Court of Appeals be denied.
3   These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within ten days after service of the objections.  The parties are advised
9 that failure to file objections within the specified time may waive the right to appeal the District
10 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
11 DATED:   December 5, 2007.

_____
U.S. MAGISTRATE JUDGE

peni1966.na