1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIE B. PENILTON,

11              Plaintiff,              No. CIV S-03-1966 GEB KJM P

12        vs.

13   SACRAMENTO COUNTY, et al.,         ORDER AND

14              Defendants.             FINDINGS & RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

17   42 U.S.C. § 1983.  In his amended complaint, filed July 30, 2004, plaintiff alleges that defendant

18   Sacramento County Sheriff's Department interfered with plaintiff's pro se status and delayed

19   medical care, and defendant Steward prepared a wiretap application containing false statements

20   and used the illegally obtained fruits of the wiretap in prosecuting plaintiff.

21              Plaintiff has filed two motions for summary judgment against defendant Steward;

22   defendant Steward has filed his own motion for summary judgment.  The parties have not

23   addressed plaintiff's claims against the Sheriff's Department.

24              In addition, plaintiff has filed several motions for judicial notice and a request that

25   the court rule on the motions for summary judgment.

26   /////

1

I. <u>Summary Judgment Standards Under Rule 56</u>

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Id.</u>  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>See id.</u> at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u>  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id.</u> at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. <u>See</u> Fed. R. Civ. P. 56(e); <u>Matsushita</u>, 475 U.S. at 586 n.11.  The opposing party

must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

/////

1          On November 1, 2004, the court advised plaintiff of the requirements for

2   opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v.

3   Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc) and Klingele v. Eikenberry, 849 F.2d 409

4   (9th Cir. 1988).

5   I.  Initial Matters

6          In the amended complaint of July 30, 2004, plaintiff raised a number of

7   complaints against defendant Steward, a Deputy District Attorney for Sacramento County, who

8   prosecuted plaintiff for domestic violence.  Amended Complaint (Am. Compl.) at 4, 6.  Plaintiff

9   alleged, among other things, that Steward obtained an order to monitor alleged victim Naleen

10  Givens' telephone calls from the jail, but did not provide tapes of the intercepted calls to

11  plaintiff, who was proceeding in pro per in the prosecution, in a timely fashion.  Id. at 7-8.

12  Plaintiff also alleged that Steward secured an application to intercept and listen to plaintiff's

13  telephone calls from the jail by including falsehoods in the application and then later used

14  information illegally secured against him.  Id. at 18-19.  However, in the screening orders of

15  April 16, 2004 and September 30, 2004, the court observed that plaintiff lacked standing to

16  challenge any alleged violation of Givens' rights.  See Moreland v. Las Vegas Metropolitan

17  Police Department, 159 F.3d 365, 369 (9th Cir. 1998) (Fourth Amendment rights are personal;

18  plaintiff lacks standing to raise violation of another's Fourth Amendment rights); United States v.

19  Alvarado-Machado, 867 F.2d 209, 211 (5th Cir. 1989) (defendant cannot challenge government's

20  outrageous conduct directed against co-defendant); see also Docket Nos. 9, 22.  However,

21  plaintiff also alleged that defendant Steward falsely told the court in an application to monitor

22  plaintiff's telephone calls that plaintiff was a gang member and that the victim was afraid of

23  plaintiff.  Am. Compl. at 35.  The court directed service on defendant Steward for this claim

24  only.  Docket No. 22 (Order of 9/30/04 at 4).

25         Defendant Steward filed a motion to dismiss for failure to state a claim under

26  Federal Rule Civil Procedure 12(b)(6).  On August 24, 2005, the court filed findings and

4

1  recommendations recommending that the motion be denied. The district court adopted these

2  findings and recommendations on March 27, 2006.

3         On September 12, 2005, plaintiff filed a motion for summary judgment and on

4  March 17, 2006, a motion "for summary judgment for defendant default to defend or contest

5  summary judgment."  The court recommended that these motions be denied and the district court

6  adopted this recommendation in an order filed July 24, 2006.

7         Plaintiff has now filed two new motions for summary judgment.  In the first, filed

8  April 2, 2007,[1] plaintiff argues he is entitled to summary judgment because defendant Steward

9  and his counsel in this action have fabricated an ex parte application and order relating to the

10  monitoring of Givens' calls from the jail.  Docket No. 73 at 3.  Plaintiff attaches a number of

11  exhibits: Exhibit A is a copy of a partial transcript of proceedings in Sacramento County Superior

12  Court on April 4 and 5, 2002, relating to the wiretaps; Exhibit B is a copy of the application for

13  the monitoring of Givens' calls, dated February 28, 2002; Exhibit F includes a copy of a letter

14  from a clerk of the Superior Court, recounting that a search of the files in 01F06669, the criminal

15  case underlying this action, did not disclose an ex parte application for monitoring and taping

16  dated February 28, 2002, although an ex parte application to monitor and tape plaintiff's calls

17  from the jail, filed January 14, 2002, was denied, as well as plaintiff's letter to the court, and

18  Steward's ex parte application to tape Givens' calls, file-stamped February 28, 2002; Exhibit G is

19  a copy of plaintiff's letter to Superior Court Judge Gunther and another copy of Steward's

20  application concerning Givens' calls.[2]

21

22     [1] On March 28, 2007, plaintiff filed a handwritten motion for summary judgment (doc.
   no. 72).  However, the typed motion filed April 2, 2007 says it is an amended motion.  The two

23  pleadings raise the same claims.

24     [2] Plaintiff has appended a number of other documents of unexplained and dubious
   relevance to his pleadings.  These are Exhibit C, a copy of defendants' motion to dismiss in this
   case; Exhibit D, defendants' reply to plaintiff's opposition to the motion to dismiss; Exhibit E,

25  the defendants' objections to plaintiff's requests for answers to interrogatories; Exhibit H, a
   collection of documents relating to the State Bar's action on plaintiff's complaint about Steward

26  and Exhibit I, a copy of defendants' objections to plaintiff's exhibits to his first motion.

1         In support of the motion filed June 29, 2007, plaintiff has included his declaration

2    and a number of the same exhibits supporting the April motion.  See Docket No. 83.  In addition,

3    as Exhibit C to this motion, plaintiff has attached portions of the condensed transcript of his

4    deposition, plus copies of a number of documents filed in this case.

5         Plaintiff's opposition to defendant Steward's motion for summary judgment is

6    once again supported by the same assemblage of documents: defendant Steward's application to

7    monitor and tape plaintiff's calls from the jail (Exhibits A & F); the application to monitor

8    Givens' telephone calls (Exhibit B); portions of the condensed deposition transcript (Exhibit C);

9    the letter concerning the Givens' application from a superior court clerk and its enclosures

10   (Exhibit D); and the partial transcript from April 4, 2002 (Exhibit E).[3]  See Docket No. 85.

11        In addition, plaintiff has filed three motions for judicial notice:  See Docket Nos.

12   84, 86 and 106.  Plaintiff supports each of these motions with another collection of the

13   documents he has previously used to support his motions for summary judgment.

14        Finally, with his request for the entry of judgment on his motion for summary

15   judgment, filed September 4, 2007, plaintiff has provided another set of the same documents.

16   See Docket No. 99.

17        Defendant has objected to plaintiff's reliance on some of these documents,

18   arguing that the application to monitor Givens' calls is not complete, the letter from the superior

19   court clerk is hearsay and is not authenticated, and the transcript of the April 2002 proceedings is

20   not authenticated.  Defendant's Reply To Plaintiff's Opposition (Docket No. 90) at 2.  Defendant

21   also objects to the relevance of most of these documents.  Moreover, defendant has objected to

22   plaintiff's motions for judicial notice.  See Docket No. 91.  These objections are well taken.

23   /////

24   _____

25      [3] Once again, plaintiff also attaches copies of documents filed by defendant in this case
     as exhibits, apparently to show that defendant's counsel is involved in fabricating documents;
     these include defendant Steward's opposition to plaintiff's motion for summary judgment and its

26   attachments, and defendant Steward's statement of undisputed facts and its attachments.

1    A court may consider only admissible evidence in support of a motion for

2 summary judgment.  Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002).

3    Authentication is a "condition precedent to admissibility," and this
condition is satisfied by "evidence sufficient to support a finding
4    that the matter in question is what its proponent claims.  Fed. R.
Evid. 901(a) . . . [U]nauthenticated documents cannot be
5    considered in a motion for summary judgment.

6 Id.; Hal Roach Studios v. Richard Feiner and Company, Inc., 896 F.2d 1542, 1550 (9th Cir.

7 1989).  Neither the portion of the transcript, the application to monitor Givens' calls nor the letter

8 from the superior court clerk are authenticated.  Orr, 285 F.3d at 777.

9    In his response to defendant's motion for summary judgment, plaintiff has

10 included an exhibit list.  See Docket No. 98.  Documents attached to an exhibit list may be

11 authenticated if their contents have "other distinctive characteristics, taken in conjunction with

12 circumstances" or if plaintiff shows that the documents are "purported public record [and are]

13 from the public office where items of this nature are kept."  Orr, 285 F.3d at 778; Fed. R. Evid.

14 901(b)(4), (7).  Plaintiff has failed to meet the standards of Rule 901.

15    Plaintiff fares no better in asking the court to take judicial notice of the

16 documents.  Under Federal Rule of Evidence 201(b), "a judicially noticed fact must be one not

17 subject to reasonable dispute in that it is . . . capable of accurate and ready determination by

18 resort to sources whose accuracy cannot reasonably be questioned."  The letter from the superior

19 court clerk cannot be judicially noticed under this standard.

20    The court declines to take judicial notice of the application to monitor Givens'

21 calls, because plaintiff claims it does not exist and has been fabricated.  Moreover, the court

22 declines to take judicial notice of the partial transcript, because plaintiff asks the court to assume

23 that the statements it contains about the February 28 motion are not true.  Neither would taking

24 notice be an appropriate use of the doctrine of judicial notice.  See Wyatt v. Terhune, 315 F.3d

25 1108, 1114 (9th Cir. 2003).

26 /////

1    Defendant has asked the court to take judicial notice of the criminal action, People

2  v. Willie Penilton, Sacramento County Superior Court No. 01F06669, and the "Ex Parte

3  Application, Memorandum of Points and Authorities, and Order for Monitoring and Taping

4  Inmate Conversations," filed on January 14, 2002.  Defendant's Motion For Summary Judgment

5  (DMSJ) (Docket No. 78) at 3.  He does not specify the reason he seeks judicial notice; it appears,

6  however, that he is asking the court to take judicial notice of the existence of the prosecution and

7  the application.  This is appropriate; by this ruling, however, the court does not accept as true any

8  facts contained in the application without further proof.  Wyatt, 315 F.3d at 1114.

9  II.  Defendant's Motion For Summary Judgment

10    During his tenure as deputy district attorney for Sacramento County, defendant

11  David Steward was assigned to the case of People v. Willie B. Penilton, Sacramento County

12  Superior Court No. 01F06669, a case involving allegations of domestic violence and assault

13  against Naleen Givens.  DMSJ, Ex. 2, Declaration of David Steward (Steward Decl.) ¶ 2.

14  Defendant prepared a motion for monitoring of plaintiff's visits, non-attorney telephone calls and

15  mail while plaintiff was in the Sacramento County Jail.  Steward Decl. ¶ 3 & Attach.  Defendant

16  obtained information for the motion from Givens' mother, Delia Garcia.  Steward Decl. ¶ 4;

17  DMSJ, Ex. 3, Declaration of Delia Garcia (Garcia Decl.) ¶ 3.  Relying on information from

18  Givens, Garcia told Steward that plaintiff was a gang member and that Givens was afraid of

19  plaintiff.  Steward Decl. ¶ 4; Garcia Decl. ¶¶ 4-5.  Steward also obtained information from

20  plaintiff's law enforcement records that plaintiff had gang ties.  Steward Decl. ¶ 5; cf. Deposition

21  of Willie B. Penilton (Penilton Depo.) at 54:3-18.[4]  When the judge denied Steward's January 14,

22  2002 ex parte application, Steward abandoned his efforts to monitor plaintiff's communications

23  /////

24

25    [4] Defendant has submitted portions of the transcript as an exhibit to his motion, but it is
not properly authenticated.  Orr, 285 F.3d at 774.  However, he has lodged a complete copy of
26  the deposition, upon which the court relies.

1   and did not use any such information during the prosecution of plaintiff.  Steward Decl. ¶ 6;

2   Penilton Depo. at 37:15-17.

3          Defendant argues he is entitled to the entry of judgment because the application

4   for monitoring plaintiff's calls did not contain falsehoods and, because the court did not grant the

5   application, no evidence was obtained and used against plaintiff.  Steward also argues he is

6   entitled to absolute immunity, a less straightforward question.  Compare Burns v. Reed, 500 U.S.

7   478, 489 (1991) (prosecutor entitled to absolute immunity for participation in hearing on

8   probable cause) with Kalina v. Fletcher, 522 U.S. 118, 129 (1997) (prosecutor not entitled to

9   absolute immunity for attesting to the truth of averments in a certification for a warrant); see also

10  KRL v. Moore, 384 F.3d 1105, 1111-12 (9th Cir. 2004) (prosecutor entitled to absolute

11  immunity for review of warrant issued after indictment); Broam v. Bogan, 320 F.3d 1023, 1033

12  (9th Cir. 2003) (prosecutor may be entitled to qualified immunity for illegal wiretapping).

13         Defendant has presented unrebutted evidence that he obtained information about

14  plaintiff's alleged gang membership in records maintained by law enforcement and from Garcia,

15  Givens' mother, and that he learned about Givens' alleged fear of plaintiff from Garcia.

16  Moreover, he has presented unrebutted evidence that he was unsuccessful in gaining

17  authorization and so did not use any of plaintiff's intercepted calls at plaintiff's trial.  He is

18  entitled to summary judgment.  See KRL, 384 F.3d at 1117 (to support a claim of judicial

19  deception to obtain a warrant, a plaintiff must show defendant deliberately or recklessly made

20  false statements that were material to the finding of probable cause).

21  III.  Plaintiff's Motions For Summary Judgment

22         As noted above, much of plaintiff's evidentiary support for his motions for

23  summary judgment is not admissible and cannot be considered.  Moreover, although plaintiff's

24  pleadings are often difficult to understand, these motions are based on his claim that Steward

25  (and his current counsel) fabricated the February 28, 2002 request to monitor Givens'

26  communications from the jail.  See, e.g., Docket No. 83 at 1-2.  However, as noted above, Fourth

1   Amendment rights are personal and may not be raised vicariously by one whose expectation of

2   privacy was not violated by any intrusion.  Moreland, 159 F.3d at 369; Martinez v. Nygaard, 831

3   F.2d 822, 825 (9th Cir. 1987).  Plaintiff has presented nothing suggesting that he was a

4   participant in any of the monitored calls or that he otherwise had an expectation of privacy in

5   Givens' communications.  He is not entitled to summary judgment.

6   IV.  Additional Matters

7             The court will not entertain any more motions for summary judgment from

8   plaintiff absent a showing of good cause for failure to file such motions before the cut-off date

9   for dispositive motions.

10            Moreover, plaintiff has filed repetitious pleadings, making the same arguments

11  and supported by the same exhibits; these pleadings are often over fifty pages long.  "Every paper

12  filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion

13  of the institution's limited resources. A part of the Court's responsibility is to see that these

14  resources are allocated in a way that promotes the interests of justice."  Martin v. District of

15  Columbia Court of Appeals, 506 U.S. 1, 3 (1992) (internal citation & quotation omitted).  A

16  court's inherent authority includes "the ability to fashion an appropriate sanction for conduct

17  which abuses the judicial process."  Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991).  The

18  court finds a filing limitation appropriate in this case.

19            IT IS HEREBY ORDERED that:

20            1.  Plaintiff may not file any document, pleading, notice or letter longer than

21  twenty-five pages including attachments unless that pleading is accompanied by a motion

22  explaining why plaintiff is unable to conform to the page length imposed.  Failure to comply may

23  result in sanctions, including dismissal of the action.  The Clerk of Court shall provide any

24  document and motion covered by this provision that is submitted for filing to the undersigned in

25  camera, for review of the motion before it is filed on the docket.

26  /////

1          2.  Plaintiff shall not file any additional copies of the February 28, 2002

2   application to monitor Naleen Givens' communications from the jail, the letter from the superior

3   court clerk concerning her review of the files in case number 01F06669, the transcript of April 4,

4   2002, or of any other documents currently on file in this case.  Failure to comply with this

5   restriction may result in the imposition of further sanctions, including dismissal.

6          3.  Plaintiff's June 28, 2007 motion for judicial notice (Docket No. 84) is denied.

7          4.  Plaintiff's July 5, 2007 motion for judicial notice (Docket No. 86) is denied.

8          5.  Plaintiff's November 1, 2007 motion for judicial notice (Docket No. 106) is

9   denied.

10         IT IS HEREBY RECOMMENDED that

11         1.  Plaintiff's March 28, 2007 motion for summary judgment (Docket No. 72) be

12   denied.

13         2.  Plaintiff's April 2, 2007 motion for summary judgment (Docket No. 73) be

14   denied.

15         3.  Plaintiff's June 29, 2007 motion for summary judgment (Docket No. 83) be

16   denied.

17         4.  Plaintiff's September 4, 2007 request for the entry of judgment (Docket No.

18   99) be denied.

19         5.  Defendant Steward's July 12, 2007 motion for summary judgment (Docket

20   No. 78) be granted.

21         6.  The court set the remaining claims against the Sacramento County Sheriff's

22   Department for pretrial conference on the papers, trial confirmation hearing and trial.

23         These findings and recommendations are submitted to the United States District

24   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

25   days after being served with these findings and recommendations, any party may file written

26   objections with the court and serve a copy on all parties.  Such a document should be captioned

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

2   shall be served and filed within ten days after service of the objections.  The parties are advised

3   that failure to file objections within the specified time may waive the right to appeal the District

4   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5   DATED:  February 25, 2008.

6

7   _____

8   U.S. MAGISTRATE JUDGE

9   2

10  peni1966.57

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26